IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHANIE PYLE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 23-815 ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) |
| Defendant. | ) ) |

O R D E R

AND NOW, this 24th day of September, 2024, upon consideration of the parties' cross-motions for summary judgment, the Court, after reviewing the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits ("DIB") under Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, and her claim for supplemental security income ("SSI") under Subchapter XVI of the Act, 42 U.S.C. § 1381 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely

because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff argues that the Administrative Law Judge ("ALJ") failed to properly evaluate the medical opinion of his treating provider, Mary Tyree, P.A. (R. 683-85), pursuant to 20 C.F.R. §§ 404.1520c and 416.920c. The Court disagrees, finds that the ALJ's consideration of the medical opinions, including that of P.A. Tyree, comported with the requirements of Sections 404.1520c and 416.920c, and finds that substantial evidence supports his decision that Plaintiff is not disabled.

Plaintiff does not contend that the ALJ failed to address P.A. Tyree's opinion entirely; rather, she argues that he failed to properly analyze the supportability and consistency of various aspects of that opinion. As Plaintiff acknowledges, for cases such as this one, filed on or after March 27, 2017, the amended regulations set forth in Sections 404.1520c and 416.920c apply to an ALJ's consideration of medical opinion evidence. Under the amended version of the regulations, the most important factor to be considered is no longer an opining source's treating relationship with the claimant, but rather, "the two most important factors for determining the persuasiveness of medical opinions are consistency and supportability," and the ALJ must discuss how these two factors were considered. 82 Fed. Reg. 5844-01, at 5853 (Jan. 18, 2017). *See also* §§ 404.1520c(b) and (c) and 416.920c(b) and (c). Plaintiff's argument notwithstanding, the ALJ adequately did so here.

As a general matter, supportability is a measure of the relevancy of "objective medical evidence and supporting explanations presented by a medical source . . . to support his or her medical opinion(s)." 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). Consistency measures the agreeableness of medical opinions with "evidence from other medical sources and nonmedical sources in the claim." *Id.* §§ 404.1520c(c)(2), 416.920c(c)(2). There is no question that the ALJ considered and discussed these factors in regard to P.A. Tyree's opinion as a whole, citing Ms. Tyree 's own treatment notes and analyzing the consistency of her opinion with other record evidence. (R. 761). Plaintiff, however, asserts that the ALJ was required to go one step further; she argues that the ALJ was required to consider the supportability and consistency not necessarily of the opinion as a whole, but separately as to each aspect of the opinion. Specifically, she claims that the ALJ rejected P.A. Tyree's purported manipulative and pushing/pulling limitations without addressing the supportability and consistency of these specific findings and that, while he did separately address Ms. Tyree's finding that Plaintiff needed a sit/stand option, he discussed only the consistency aspect of this finding and not the supportability. While the Court notes that this is not an entirely factually accurate account of what happened here, in any event, this argument fundamentally misconstrues an ALJ's duties under Sections 404.1520c and 416.920c.

While the regulations undoubtedly require an ALJ to consider and discuss the supportability and consistency of a medical source's opinion, nothing in the regulations implies that this analysis must be separately performed with regard to every aspect of the opinion. Such a requirement would not only be cumbersome (and likely quite confusing in many cases), it also

would be inconsistent with the overall approach courts have taken with regard to Sections 404.1520c and 416.920c.  For instance, it is well-established that an ALJ need not adopt every aspect of an opinion he or she has found to be persuasive.  *See Wilkinson v. Comm'r of Soc. Sec.*, 558 Fed. Appx. 254, 256 (3d Cir. 2014).  Moreover, the regulations seek to enforce a "source level" analysis, rather than dividing each source's opinions into different units to be separately analyzed.  *See* 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1).  There is no question that an ALJ's consideration of an opinion may require discussion of specific aspects of that opinion, but nothing in the regulations suggests that a separate mini-analysis must be performed regarding the supportability and consistency of each different aspect.  Indeed, the courts that have addressed the issue of whether an ALJ must articulate the supportability and consistency of each opined limitation have widely rejected Plaintiff's argument.  *See*, *e.g.*, *Hague v. Comm'r of Soc. Sec.*, No. 20-13084, 2022 WL 965027, at *6 (E.D. Mich. Mar. 30, 2022) (stating that "courts within this District have interpreted these regulations as not requiring the ALJ to articulate the supportability and consistency to every impression within a medical source's opinion"); *Russell v. Kijakazi*, No. 4:21-CV-00271-LPR, 2022 WL 4378724, at *1 (E.D. Ark. Sept. 22, 2022) ("When a medical source . . . provides multiple opined limitations within an overall medical opinion, the ALJ is not required to articulate how he considered each opined limitation individually."); *Shaylene M. H. v. Kijakazi*, No. 5:22-CV-0987-JC, 2023 WL 4912141, at *5 (C.D. Cal. July 31, 2023) (holding that an ALJ was required to consider the supportability and consistency of the opinion as a whole, not as to each particular limitation contained therein); *Mitchell v. Comm'r of Soc. Sec.*, No. 1:21-CV-01713-JHE, 2023 WL 2653377, at *5 (N.D. Ala. Mar. 27, 2023) ("The ALJ was not required to individually examine and explain the supportability and consistency of each limitation [the medical source] proposed."); *Thomas A.B. H. v. Comm'r of Soc. Sec.*, No. 23-CV-1150-RJD, 2024 WL 4225538, at *7 (S.D. Ill. Sept. 18, 2024).  This Court will do likewise.

In any event, Plaintiff's argument mischaracterizes the ALJ's consideration of P.A. Tyree's opinion.  Not only did the ALJ clearly consider and discuss the supportability and consistency of the opinion in general, he actually found it to be partially persuasive and adopted many of the limitations to which Ms. Tyree opined.  This included incorporating limitations in regard to Plaintiff's ability to reach, handle, push, and pull into the residual functional capacity ("RFC").  (R. 756-57).  As Defendant points out, P.A. Tyree did not indicate the level of limitation Plaintiff would have in these areas (R. 684), but regardless, the ALJ considered Ms. Tyree's records and the other medical records regarding Plaintiff's ability to use her hands and addressed the supportability and consistency of the restrictions included in the RFC based on this evidence.

Moreover, as Plaintiff concedes, the ALJ, in finding – contrary to P.A. Tyree's opinion – that a sit/stand requirement was not warranted, expressly explained how this restriction was inconsistent with clinical findings showing normal gait, posture, cardiovascular functioning, and motor strength.  (R. 761).  While Plaintiff argues that the ALJ should have also discussed the supportability of this restriction based on Ms. Tyree's records, the ALJ essentially did so in discussing the evidence that supported Ms. Tyree's opinion – most of which he adopted – in general.  What the ALJ found was that P.A. Tyree's opinion that Plaintiff could perform a limited range of light work was generally supported by her findings and then explained the few

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 13) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 16) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf:    Counsel of record

---

areas in which he believed that this support was outweighed by inconsistency with other doctors' findings.  Such analysis was perfectly appropriate and fully comported with Sections 404.1520c and 416.920c.

Accordingly, the Court finds that the ALJ applied the correct legal standards and that substantial evidence supports that decision.  It will therefore affirm.